UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80780-CIV-HURLEY

TOWER 1515 CONDOMINIUM
APARTMENTS ASSOCIATION, INC.,
      Plaintiff,

vs

QBE INSURANCE CORPORATION,
      Defendant.
_____/



## ORDER SUSTAINING DEFENDANT'S OBJECTIONS TO OMNIBUS DISCOVERY ORDER OF AUGUST 9, 2006 & VACATING ORDER COMPELLING PRODUCTION OF DOCUMENTS WITHHELD FROM RULE 45 SUBPOENAS ON PRIVILEGE GROUNDS

**THIS CAUSE** is before the Court upon the appeal and objections of defendant QBE Insurance Corporation (QBE) and non-parties Florida Intracoastal Underwriters (FIU)[1] and Peninsula Insurance Bureau (PIB)[2] from that portion of the Magistrate Judge's Omnibus Discovery Order entered August 9, 2006 compelling the production of documents responsive to Rule 45 subpoenas which were withheld on ground of privilege. [DE# 116] The subpoenas in question essentially requested production of FIU and PIB's entire claim files[3] on the first party coverage claim which is the subject of this suit.

---

[1] FIU handled the subject claim acting as Managing General Agent for QBE.

[2] PIB handled the subject claim acting as Independent Adjuster for QBE/FIU.

[3] The subpoenas requested production of "your entire job file as it relates to your investigation and/or any work performed by you at or with respect to Tower 1515 Condominium Apartments .. as it relates to when you investigated or performed any work .. or made any findings related to this particular business entity which is the subject of this litigation."

1



The Magistrate Judge acknowledged that written objections and privilege logs were timely lodged to the Rule 45 subpoenas -- including assertions of relevancy, work product and attorney client privileges -- but found no good cause to excuse PIB and FIU's subsequent failure to timely respond to plaintiff's motion to compel a response to the subpoenas, and, under Local Rule 7.1(c), overruled the objections on this basis.  The Magistrate Judge alternatively held that even if the privilege objections were considered on their merits, the result would be the same because FIU and PIB failed to carry their burden of proving the elements of the privileges asserted. The Omnibus Order does not elaborate upon this alternative finding.

Having reviewed the defendant and non- parties' objections to this Order, together with the original objections and privilege logs served in response to the subpoenas on April 24, 2006, as well as the revised privilege log and affidavits submitted in support of this appeal, the court concludes that the challenged portion of the discovery order in question is contrary to law because determines a privilege issue by default even where timely objections to the initial discovery request were lodged, and fails to give § 90.502, Florida Statutes, the attorney-client privilege, full effect.

While there may be some limited circumstances where a motion to compel discovery might properly be resolved by default under Local Rule 7.1(c) - for example, where the initial discovery request was ignored or overlooked without good cause or excusable neglect *and* the party failed to respond to a subsequent motion to compel the outstanding discovery – this is not appropriate where the party challenging the discovery timely lodged its objections together with supporting legal authorities and, through oversight, filed to file a responsive memoranda to the motion to compel which followed. In this situation, the objecting party's challenges to the discovery are already on file, and the failure to renew them in response to a motion to compel seeking a ruling on their legal

validity is not fairly viewed as a waiver of those objections. This is particularly so in a situation where, as here, the objecting party in fact did fully reiterate its objections in its subsequently filed response to a show cause order issued by the Magistrate Judge. [DE # 57].

The Magistrate Judge's alternative ruling on the insufficiency of the evidentiary predicate proffered to sustain the privilege objections is further contrary to law because there has been no evidentiary hearing or *in camera* inspection of the documents, and no explanation or ruling on a document-by-document basis as to why the privileges asserted either do or do not shield the documents in question from the reach of the subpoenas. *See generally In re Grand Jury Subpoena* (831 F.2d 225 (11th Cir.1987), *citing In re Grand Jury Subpoena (Bierman,* ) 788 F.2d 1511 (11th Cir. 1986); *United States v Johnson*, 465 F.2d 793 (5th Cir. 1972).

Under the circumstances presented, the court declines to hold that the defendant and non-parties have forfeited their privilege and relevancy objections by default, or by a blanket failure to carry their burden of proof. [4]

---

[4]

In reaching this result, this Court observes that there is currently some debate as to whether the attorney client privilege still applies as a viable limitation on wholesale claims file production in the context of statutory first party bad faith claims. *Compare XL Specialty Insurance Co. v Aircraft Holding LLC*, 929 So.2d 578 (Fla. 1st DCA 2006)(interpreting *Allstate Indemnity v Ruiz*, 899 So.2d 1121 (Fla. 2005) as limited to production of discovery or work product privilege in first party bad faith actions brought pursuant to §624.155, while certifying question to Florida Supreme Court) *with Cozort v State Farm Mutual Automobile Ins. Co.*, 233 F.R.D. 674 (M.D. 2005)(finding *Ruiz* applicable in diversity case and interpreting it as authority for full claim file production in insurance bad faith litigation, despite assertion of attorney client or work product privilege, but only as to those documents created *before* underlying coverage litigation terminates).

The Court need not resolve this issue at this juncture of this litigation because the underlying coverage issue has not yet been resolved, and discovery of the contents of the insurer's claim file is consequently premature, as more particularly discussed *infra*.

3

While the Court would ordinarily recommit the matter to the Magistrate Judge for further inquiry – either through hearing or *in camera* inspection -- and a determination on the validity of each privilege assertion on a document-by-document basis, *see generally In re Grand Jury Subpoena* (831 F.2d 225 (11th Cir.1987); *XL Specialty Insurance Co. vs. Aircraft Holding LLC,* 929 So.2d 578 ( Fla. 1st DCA 2006), in this case it finds it unnecessary to do so because it concludes that the claim file discovery in question is premature, and that the defendant's relevancy objections to it are properly sustained as a matter of law.

This is a first party insurance coverage claim which, in its current posture, consists of a declaratory judgment (Count 1) and breach of contract (Count 2) claim. Unless and until the underlying coverage claim is determined, and a statutory bad faith action lodged under §624.155, Florida Statutes, the insurer's claim file is irrelevant and beyond the scope of permissible discovery. See *Allstate Ins. Co. v Shupack*, 335 So.2d 620 (Fla. 3d DCA 1976)(order compelling production of entire claim file held to constitute a departure from essential requirements of law where merits of underlying UM claim were not yet determined), cited with approval in *Allstate Indemnity v Ruiz*, 899 So.2d 1121, 1129 (Fla. 2005). *See also State Farm v Valido*, 662 So.2d 1012 (Fla. 3d DCA 1995)(insurer's claim file held irrelevant in first party suit on homeowner policy for damages allegedly caused by Hurricane Andrew and Tropical Storm Gordon); *Old Republic National Trust Inc. Co v Homeamerican Credit Inc.,* 844 So.2d 818 (Fla. 5th DCA 2003)(order compelling production of claim file held premature without determination on coverage); *State Farm v Gallmon*, 835 So.2d 389 (Fla. 2d DCA 2003)(same).

It is accordingly **ORDERED and ADJUDGED**:

1. The defendant QBE and non-party FIU and PIB's objections to the Magistrate Judge Omnibus Discovery Order's dated August 9, 2006 [DE# 116] are **SUSTAINED** on relevancy grounds and the court now **VACATES** that portion of the Omnibus Order [DE# 99] which grants the plaintiff's motion to compel [DE# 30] and orders production of all documents withheld from production on privilege grounds.

**DONE and SIGNED** in Chambers at West Palm Beach, Florida this 23 day of August, 2006.

_____
Daniel T. K. Hurley
United States District Court Judge

cc.
all counsel
Magistrate Judge James Hopkins